# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ANTHONY DWAYNE WASHINGTON,

        Petitioner,

                           CASE NO. 2:16-CV-10121

v.                            HONORABLE DENISE PAGE HOOD
                            CHIEF UNITED STATES DISTRICT JUDGE

SHAWN BREWER,

        Respondent.

_____/

## OPINION AND ORDER TRANSFERRING CASE TO THE COURT OF APPEALS PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)

      Anthony Dwayne Washington, ("petitioner"), confined at the Cotton Correctional Facility in Jackson, Michigan, filed an application to stay court proceedings pursuant to 28 U.S.C. § 2251(1)(a), in which he challenges his 1997 conviction out of the Wayne County Circuit Court for involuntary manslaughter, felony-firearm and being an habitual offender.  This Court construes this action as a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. [1]  Because the Court concludes that the

---

[1] 28 U.S.C. § 2254 is "the exclusive vehicle" for prisoners who are in custody pursuant to a state court judgment who wish to challenge anything affecting the legality of that custody. See *Greene v. Tennessee Dep't of Corr.*, 265 F. 3d 369, 371 (6th Cir. 2001).  Because petitioner is requesting immediate release from his conviction, this Court should construe his action as a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. *See e.g. Simpson v. Caruso,* 355 Fed. Appx. 927, 930 (6th Cir. 2009).

present petition constitutes a "second or successive petition" within the meaning of 28 U.S.C. § 2244(b)(3), the Court will transfer the matter to the Court of Appeals so that petitioner may seek permission to proceed.

## I.  BACKGROUND

Petitioner previously filed a petition for a writ of habeas corpus challenging these convictions, which was denied on the merits. *Washington v. Metrish,* U.S.D.C. No. 05-70589-DT (E.D. Mich. July 28, 2006)(Hood, J.); *aff'd* No. 06-2108 (6th Cir. June 19, 2007).

Petitioner filed a second habeas petition, which was transferred to the Sixth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A) for authorization to file a second or successive habeas petition. *Washington v. Woods,* No. 2:08-CV-12681 (E.D. Mich. July 2, 2008)(Battani, J.).  The Sixth Circuit denied petitioner permission to file a successive habeas petition. *In Re Washington,* No. 08-1906 (6th Cir. Jan. 7, 2009).

Petitioner filed another habeas petition, in which he challenged his sentence enhancement as an habitual offender, which was denied on the merits and also dismissed as being barred by the statute of limitations. *Washington v. Woods*, No. 2:09-CV-45, 2009 WL 4043351 (W.D. Mich. Nov. 20, 2009)(Bell, J.)(adopting Report and Recommendation of

2

Magistrate Judge).

In his current habeas petition, petitioner alleges that his judgment of sentence is void because the state trial judge erred in setting aside petitioner's original sentence of ten to fifteen years for the involuntary manslaughter conviction and re-sentencing him under the habitual offender statute to fifteen to twenty two and a half years in prison for the same offense.

## II.  DISCUSSION

Petitioner already filed a prior petition for a writ of habeas corpus challenging his 1997 conviction and sentence for involuntary manslaughter, felony-firearm, and being an habitual offender.

An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. See 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998).  Congress has vested in the court of appeals a screening function that the district court would have performed otherwise. *Felker v. Turpin*, 518 U.S. 651, 664 (1996).  Under the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal district court does not have jurisdiction to

entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *See Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999).  When a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without preauthorization from the court of appeals, the district court must transfer the document to the court of appeals. *See* 28 U.S.C. § 1631 (directing that "[w]henever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed"); *In re Sims*, 111 F.3d 45, 47 (6th Cir.1997)(holding that "when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").

Petitioner previously filed a habeas petition with the federal courts challenging his 1997 convictions, which was denied on the merits.

4

Petitioner cannot proceed with the issues raised in the present petition without first obtaining permission to file a second or successive habeas petition from the court of appeals.

Accordingly, the Clerk of Court is ordered to transfer the habeas petition to the United States Court of Appeals for the Sixth Circuit pursuant to *Sims* and 28 U.S.C. § 1631. *See Galka v. Caruso,* 599 F. Supp. 2d 854, 857 (E.D. Mich. 2009). Although neither party raised the issue of this being a second or successive petition, it is appropriate for this Court to consider the issue *sua sponte* because subject matter jurisdiction goes to the power of the courts to render decisions under Article III of the Constitution. *See Williams v. Stegall*, 945 F. Supp. 145, 146 (E.D. Mich. 1996). Because this appears to be a second or successive habeas petition, it would be error for this Court to dismiss the petition as being time barred, rather than transfer it to the Sixth Circuit, because such a timeliness inquiry would be premature prior to any determination by the Sixth Circuit whether petitioner should be given authorization pursuant to 28 U.S.C. § 2244(b)(3)(A) to file a successive habeas petition. *See In Re McDonald*, 514 F. 3d 539, 543-44 (6th Cir. 2008).

The Court further denies petitioner's motion for a stay of the

5

proceedings.  A federal court is without jurisdiction to enter a stay of proceedings in connection with a successive habeas petition absent express authorization by the applicable court of appeals pursuant to 28 U.S.C. § 2244(b)(3)(A). *See Alley v. Bell,* 392 F. 3d 822, 833 (6th Cir. 2004).

## III.  CONCLUSION

**IT IS ORDERED** that the Clerk of the Court transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 and *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

**SO ORDERED.**


S/Denise Page Hood
Denise Page Hood
Chief United States District Judge

Dated:  March 1, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record or party on March 1, 2016, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager